**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN E. REARDON,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. LEASON, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 92-2433 (MLC)<br><br>**O P I N I O N** |

    **THE COURT**, by Order and Judgment entered on September 20, 1994, dismissed the Complaint by the plaintiff, John E. Reardon. (Dkt. entry no. 134, 9-20-94 Order & Judg.)  The Clerk of the Court accordingly designated the action as closed on September 21, 1994. (See unnumbered dkt. entry immediately following dkt. entry no. 134.)

    **REARDON** attempted to vacate the 9-20-94 Order & Judgment, without success.  (See dkt. entry no. 136, Mot. to Vacate; dkt. entry no. 140, 3-1-95 Order (denying Mot. to Vacate).)  He thereafter filed a notice of appeal to the United States Court of Appeals for the Third Circuit ("Third Circuit").  (See dkt. entry no. 141, 3-24-95 Not. of First Appeal.)  The Third Circuit dismissed the First Appeal as untimely and summarily affirmed the 9-20-94 Order & Judgment.  (See dkt. entry no. 143, Judg. of USCA.)

**REARDON**, nearly fifteen years later, filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(4), seeking an Order relieving him from the 9-20-94 Order & Judgment.  (Dkt. entry no. 144, 6-3-10 Mot.)  The Court, upon consideration of the 6-3-10 Motion, denied it as untimely pursuant to Rule 60(c).  (See dkt. entry no. 157, 7-1-10 Order).  Cf. Mikkilineni v. Gibson-Thomas Eng'g Co., 379 Fed.Appx. 256, 258-59 (3d Cir. 2010) (stating that Rule 60 motion made five years after the final order at issue was untimely).  Reardon appealed to the Third Circuit and the Third Circuit, in a per curiam Opinion, affirmed the 7-1-10 Order.  See Reardon v. Leason, 408 Fed.Appx. 551, 552-53 (3d Cir. 2010).  Reardon filed a petition for certiorari to the United States Supreme Court, which was denied.  See Reardon v. Leason, 132 S.Ct. 102 (2011).

**REARDON** subsequently filed three more motions to set aside "the prior decisions" of the Court.  (See dkt. entry no. 161, 5-9-11 Mot; dkt. entry no. 169, 6-7-11 Mot.; dkt. entry no. 171, 8-2-11 Mot.)  The Court interpreted each Motion as seeking relief under Rule 60 or, in the alternative, seeking reconsideration.  (See dkt. entry no. 168, 5-31-11 Order; dkt. entry no. 170, 6-8-11 Order; dkt. entry no. 172, 9-7-11 Order).  The Court denied each motion, insofar as each motion sought relief under Rule 60, as untimely.  (See 5-31-11 Order at 1-3; 6-8-11 Order at 1; 9-7-11

2

Order at 1-2.)  The Court also denied each motion, insofar as each
motion sought reconsideration of "the prior decisions" of the
Court, for failing to satisfy the burden carried by any movant who
seeks reconsideration.  (See, e.g., 5-31-11 Order at 3-5.)

REARDON appealed from the 9-7-11 Order to the Third Circuit.
See Reardon v. Leason, 465 Fed.Appx. 208, 209 (3d Cir. 2012).  The
Third Circuit, in a per curiam Opinion, affirmed the 9-7-11 Order.
See id. at 210.  Reardon filed a petition for certiorari to the
United States Supreme Court, which was denied.  See Reardon v.
Leason, 132 S.Ct. 2442 (2012).

REARDON now moves to "set aside" the "dismissal Orders" of
this Court pursuant to Rule 60(b)(1), (4), and (6).  (See dkt.
entry no. 181, First 7-20-12 Mot.)  The Court concludes, upon
consideration of the First 7-20-12 Mot., that Reardon is not
entitled to relief.  Motions filed pursuant to Rule 60(b)(1) must
be made within "a year after the entry of the judgment or order" at
issue, and motions filed pursuant to Rule 60(b)(4) and Rule
60(b)(6) must be filed "within a reasonable time".  Fed.R.Civ.P.
60(c)(1).  The Court, for good cause appearing, will thus enter an
Order denying the Motion.

REARDON separately moves for recusal of the undersigned,
alleging that the Court has issued "deliberate, intentional, wilful
and knowing contrary rulings citing improper case law which

3

deprived Mr. Reardon of a fair and impartial hearing and Tribunal."
(See dkt. entry no. 180, Second 7-20-12 Mot.; dkt. entry no. 181-1,
Reardon Br. at 5.)  Reardon also alleges that the Court has
"deprived [him] of . . . the right to be meaningfully heard, to
access . . . the courts and to due process . . . on all issues
presented to the court."  (Id.)

THE COURT has, in stark contrast to Reardon's allegations and
as set forth above, considered each of Reardon's six motions to
vacate or otherwise set aside the 9-20-94 Order & Judgment.  The
Court, when considering the merits of such motions, has considered
Reardon's arguments and simply found them unavailing.  The Court
has otherwise, when denying those motions as untimely, explained
the reasons for its conclusions.  In so doing, the Court has not
deprived Reardon either of due process, access to the court, or the
opportunity to be meaningfully heard.  Indeed, the dispositions of
those motions have been affirmed.  The Court will thus deny the
Second 7-20-12 Motion.


                                    s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge


Date:      August 3, 2012

4