**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN E. REARDON, | CIVIL ACTION NO. 92-2433 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| MR. LEASON, et al., | |
| Defendants. | |

**THE PLAINTIFF**, John E. Reardon, moved to "set aside dismissal orders under Rule 60(B) (1), (4) and (6)" and separately moved to "recuse and Void Orders Of" the undersigned. (See dkt. entry no. 181, Rule 60 Mot.; dkt. entry no. 180, Recusal Mot.) The Court denied both Motions on August 6, 2012. (See dkt. entry no. 183, 8-6-12 Order; see also dkt. entry no. 182, 8-6-12 Opinion.)

**REARDON** now moves for reconsideration of the 8-6-12 Order. (See dkt. entry no. 188-1, Reardon Br.)[1] The Court will resolve

---

[1] Reardon actually moves to "set aside" the Court's "1992 and 1994 orders" and "2011 and 2012 orders" pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). (See dkt. entry no. 188, Not. of Mot.; see also Reardon Br. at 1 (titled "Motion for reconsideration under Rule 59(e)").) Insofar as the Motion seeks to alter or amend orders and judgments entered in 1992, 1994, or 2011 pursuant to Rule 59(a)(2), the Court will deny the Motion as untimely. See Fed.R.Civ.P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of a judgment.") Insofar as Reardon seeks reconsideration of the 8-6-12 Order, the Court will deny the Motion for the reasons set forth in the body of this Opinion.

the Motion without oral argument pursuant to Local Civil Rule 78.1(b).

**THE LOCAL CIVIL RULES** require that "a motion for reconsideration . . . be served and filed within 14 days after the entry of the order" at issue. L.Civ.R. 7.1(i). It appears that Reardon untimely served the Motion on August 31, 2012, twenty-five days after entry of the 8-6-12 Order. (See dkt. entry no. 188-4, Aff. of Service.) The Court will thus deny the Motion as untimely.

**THE COURT**, even if reconsidering the 8-6-12 Order, would reach the same results. The Rule 60 Motion was untimely insofar as it was filed pursuant to Rule 60(b)(1) and 60(b)(6). See Fed.R.Civ.P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Further, the Rule 60 Motion lacked merit insofar as it was filed pursuant to Rule 60(b)(4); Reardon failed to show that any Order or Judgment entered in this action was void. Cf. Reardon v. Leason, 408 Fed.Appx. 551, 553 (3d Cir. 2010) (citation omitted) (stating that a "judgment may be void if the court that rendered it lacked jurisdiction over the subject matter or the parties, or entered a decree which was not within the powers granted to it by law", but affirming this Court's denial of Rule 60(b)(4) relief based upon Reardon's failure to demonstrate that such relief was

2

proper).  The Recusal Motion similarly failed to demonstrate why such relief would be just and proper.

    **THE COURT**, for good cause shown, will enter a separate Order, denying the Motion.

                                           s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge

Date:    September 7, 2012